UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TECTAN, LLC, and KENT PYLE,           ) | |
|                                                                  ) | |
|         **Plaintiffs,**                                    ) | |
|                                                                  ) | |
|         v.                                                    ) | CAUSE NO.  1:04-CV-339 |
|                                                                  ) | |
| TANFRAN, INC., and BRYAN PUNTURO,   ) | |
|                                                                  ) | |
|         **Defendants.**                                ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 29.)  As the proposed order contains a major defect, it will be DENIED.

The proposed order's definition of "Protected Material," set forth as follows, is impermissibly broad: "any trade secret or confidential research, development, or commercial information, the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the producing party to have the potential for causing competitive harm to it or giving a competitive advantage to others." (Proposed Stipulated Protective Order at 2.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown.  *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the protective order submitted by the parties falls short of establishing a basis for finding good cause.

First, the proposed category of "commercial information" in the definition is overly broad and vague.  Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id*.; *see also MRS Invs. v.*

*Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the Court is not satisfied that the parties know what information constitutes protected commercial information. *See Cincinnati Insurance*, 178 F.3d at 946 (a judge must "satisf[y] himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets").

Second, the proposed order's definition permits information to be protected based upon the disclosing party's "belief" that the information has the "potential" for causing competitive harm.  However, the terms "believed" and "potential" as used in the proposed order are a "fudge," resulting in a definition that is overly broad. *See id*. at 945.  Furthermore, the parties' attempt to qualify the term "believed" by the phrase "in good faith" fails to sufficiently cure the deficiency. *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003).

Finally, "merely asserting that a disclosure of the information could harm a litigant's competitive position is insufficient; the motion must explain how." *Id.* (citing *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2000)).  Here, the proposed order merely recites that any disclosure of protected information "would be highly damaging and prejudicial," but the parties utterly fail to provide any basis for this conclusion. (*See* Proposed Stipulated Protective Order at 1.)

Indeed, if the Court were to approve this order, both parties would likely be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal."

*Cincinnati Insurance*, 178 F.3d at 944.  The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).  "Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.[1]

For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties. (Docket # 29.)  SO ORDERED.

Enter for this 20th day of July, 2005.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Also, Exhibits A and B to the proposed order incorrectly refer to this Court as the "United States District Court for the Western District of Michigan."