UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TECTAN, LLC, and KENT PYLE, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.  1:04-CV-339 |
| ) | |
| TANFRAN, INC., and BRYAN PUNTURO, ) | |
| ) | |
|     Defendants. ) | |

### OPINION AND ORDER

Before the Court is a revised proposed protective order stipulated to by the parties. (Docket # 32.)  As the proposed order still contains a major defect, it will be DENIED.

The proposed order's revised definition of "Protected Material," set forth as follows, is impermissibly broad: "any trade secret or confidential research, development, or commercial information, the disclosure of which (whether separately or in conjunction with other information being produced) would constitute or embody business, association or professional matters that are not generally known, that have commercial value, and that the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence." (Revised Proposed Stipulated Protective Order at 2.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown.  *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the revised protective order submitted by the parties still falls short of establishing a basis for finding good cause.

First, the incorporation of the phrases "not generally known," "would not generally reveal," and "not otherwise available to the public," in the definitions of protected material and

commercial information causes both definitions to be overly broad and vague.

> 'Non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001).

Second, the proposed definition of commercial information is also overly broad and vague because it incorporates the word "includes." (Revised Proposed Stipulated Protective Order at 3.) The term "includes" (rather than, for example, the word "means") in the definition is a "fudge," resulting in a category that is not adequately fenced in. *See Cincinnati Insurance*, 178 F.3d at 945.

Third, the parties dropped the phrase "causing competitive harm to it or giving a competitive advantage to others" that it included in its first proposed order. (Original Proposed Stipulated Protective Order at 2.) For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury -- business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Cook*, 206 F.R.D. at 248. Here, just because the parties do not generally release certain information to the public, does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others.

Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook*, 206 F.R.D. at 248-49; *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the Court still is not satisfied that the parties know what information constitutes protected material or commercial information. *See Cincinnati Insurance*, 178 F.3d at 946 (a judge must "satisf[y] himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets").

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003).  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the revised proposed stipulated protective order submitted by the parties. (Docket # 32.)  SO ORDERED.

Enter for this 28th day of July, 2005.

        S/ Roger B. Cosbey
        Roger B. Cosbey,
        United States Magistrate Judge